United States District Court
Southern District of Texas
**ENTERED**
April 22, 2025
Nathan Ochsner, Clerk

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| MICHELE MILLS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 2:24-CV-00302 |
| | § | |
| CAROLYN COLVIN, | § | |
| | § | |
| Defendant. | § | |

## **MEMORANDUM AND RECOMMENDATION**

In December 2024, Plaintiff Michele Mills filed this action pursuant to 42 U.S.C. § 405(g) to review the decision of the Commissioner of Social Security ("the Commissioner") to deny her application for Social Security disability benefits. Following Chapa's filing of her initial brief (D.E. 8), the Commissioner filed an unopposed motion to reverse and remand to the Commissioner pursuant to the fourth sentence of 42 U.S.C. § 405(g). (D.E. 9).

"A district court may remand a final decision of the Secretary only as provided in sentences four and six of 42 U.S.C. § 405(g)." *Melkonyan v. Sullivan*, 501 U.S. 89, 90 (1991). Under sentence four of § 405(g), courts have the "power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." Under sentence six of § 405(g), a court may remand: (1) "on motion of the Commissioner of Social Security made for good cause shown before the Commissioner

files the Commissioner's answer," or (2) upon a plaintiff's "showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding."  Entry of a final judgment is required if a court remands under sentence four.  *Shalala v. Schaefer*, 509 U.S. 292, 297-98 (1993).

Here, a remand under sentence four is most appropriate because the Commissioner has already filed an answer and Mills has not moved for consideration of additional evidence.  Accordingly, it is recommended that the unopposed motion to remand (D.E. 9) be **GRANTED**, the Commissioner's denial of disability benefits be **REVERSED AND REMANDED** for further consideration, and final judgment be entered.

Respectfully submitted on April 22, 2025.

_____
Julie K. Hampton
United States Magistrate Judge

## <u>NOTICE TO PARTIES</u>

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*).