Case 2:24-cv-00302   Document 17   Filed on 08/12/25 in TXSD   Page 1 of 4

United States District Court
Southern District of Texas
**ENTERED**
August 12, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| MICHELE MILLS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 2:24-CV-00302 |
| | § | |
| CAROLYN COLVIN, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND RECOMMENDATION**

On May 13, 2025, the District Court granted the Commissioner of Social Security's unopposed motion to remand, reversed the Commissioner's determination that Plaintiff Michele Mills was not disabled, and remanded to the Social Security Administration for further consideration of her application for benefits. (D.E. 11). Mills' counsel, Michael T. Kelly, has now filed an unopposed motion for attorney's fees and expenses pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). (D.E.s 15, 16). For the reasons discussed further below, it is recommended that the motion (D.E. 15) be **GRANTED**.

**I.     BRIEFING**

In his motion, Kelly seeks attorney fees of $7,847.53 under the EAJA for a total of 31.35 hours of work between the underlying lawsuit and his preparation of the fee petition. (D.E. 15-7). This is based on a rate of $250.32 an hour for attorney work. (D.E. 15-7).

## II.   APPLICABLE LAW

Under the EAJA, "a court shall award to a prevailing party other than the United States fees and other expenses" that were incurred in any civil action brought against the United States, "including proceedings for judicial review of agency action," unless the position of the United States was "substantially justified." 28 U.S.C. § 2412(d)(1)(A). Attorney fees under the EAJA should not exceed $125 per hour worked, but increases to this amount are appropriate to account for increases in the cost of living. *Id.* § 2412(d)(2)(A). "By permitting cost-of-living increases [in the EAJA], Congress intended to provide attorneys at most with an hourly rate in present-day dollars commensurate with [the statutory figure], but no more." *Baker v. Bowen*, 839 F.2d 1075, 1084 (5th Cir. 1988). A litigant is entitled to attorney's fees for time spent preparing and litigating the fee issue itself. *Powell v. C.I.R.*, 891 F.2d 1167, 1170-71 (5th Cir. 1990). EAJA awards are payable to the litigant rather than their attorney. *Astrue v. Ratliff*, 560 U.S. 586, 589 (2010). However, the payments may nonetheless be remitted to the attorney in care of his client. See *id.* at 597-98.

## III.   ANALYSIS

The undersigned specifically concludes that Mills is the prevailing party, the position of the United States was not substantially justified, and there are no special circumstances that make an award of fees unjust. 28 U.S.C. § 2412(d)(1)(A). Moreover, the 31.35 hours spent by counsel, the cost-of-living adjustment, and the $7,847.53 in fees requested are appropriate and reasonable. Notably, although the Commissioner ultimately

did not oppose a remand, the Commissioner did not reach that conclusion until after Kelly prepared and submitted briefing on Mills' behalf. (D.E.s 8, 9).

## IV.     RECOMMENDATION

Accordingly, it is recommended that the motion (D.E. 15) be **GRANTED** and that an EAJA fee award of $7,847.53 be made payable to Plaintiff, Michele Mills, and sent in care of her attorney, Michael T. Kelly.

Respectfully submitted on August 12, 2025.

_____
Julie K. Hampton
United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United* Servs. *Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).